Justice Thomas,
concurring in the judgment.
A plain reading of 18 U. S. C. § 924(c)(2) identifies two requirements that must be satisfied for Carachuri-Rosendo’s state conviction to qualify as a “‘drug trafficking crime’” that renders him ineligible for cancellation of removal:* *585 “First, the offense must be a felony; second, the offense must be capable of punishment under the Controlled Substances Aet (CSA).” Lopez v. Gonzales, 549 U. S. 47, 61 (2006) (Thomas, J., dissenting). Carachuri-Rosendo’s offense of simple possession was “punishable under the [CSA],” § 924(c)(2), and thus satisfied the second requirement, but his crime of conviction in state court was only a misdemeanor. Accordingly, that offense does not bar him from obtaining cancellation of removal.
The Fifth Circuit understandably felt constrained by this Court’s decision in Lopez to rule otherwise. In Lopez, this Court held that “a state offense constitutes a ‘felony punishable under the [CSA]’ only if it proscribes conduct punishable as a felony under that federal law.” Id., at 60 (emphasis added). Though Lopez addressed a felony conviction under state law that did not correlate to a felony under the CSA, the Court’s rule preordained the result in this case:
“[T]he Court admits that its reading will subject an alien defendant convicted of a state misdemeanor to deportation if his conduct was punishable as a felony under the CSA. Accordingly, even if never convicted of an actual felony, an alien defendant becomes eligible for deportation based on a hypothetical federal prosecution.” Id., at 67 (Thomas, J., dissenting).
Today, the Court engages in jurisprudential gymnastics to avoid Lopez. I will not contort the law to fit the case. Lopez was wrongly decided. But because a proper reading of the statutory text, see id., at 60-63, supports the result the Court reaches today, I concur in the judgment.

See 8 U. S. C. § 1229b(a) (permitting cancellation of removal); § 1229b(a)(3) (barring aliens convicted of an “aggravated felony” from cancellation of removal); § 1101(a)(43)(B) (defining “aggravated felony” as “il *585 licit trafficking in a controlled substance .. . including a drug trafficking crime (as defined in [18 U. S. C. § 924(c)])”); 18 U. S. C. § 924(c)(2) (defining “drug trafficking crime” to mean “any felony punishable under the Controlled Substances Act”).